[654 NYS2d 886]

In the Matter of FRANCIS W. TESSEYMAN, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, March 14, 1997

APPEARANCES OF COUNSEL

*Gerard M. LaRusso,* Buffalo *(Roderick Quebral* of counsel), for petitioner.

*Edward C. Cosgrove,* Buffalo, for respondent.

OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on September 15, 1971 and maintains an office in the Town of West Seneca. The Grievance Committee has filed a petition

charging respondent with two counts of misconduct. The petition alleges that respondent neglected an estate matter, made misrepresentations to the beneficiaries regarding the status of the estate, and failed to cooperate with the Grievance Committee during its investigation of the matter. Respondent has filed an answer admitting the allegations of the petition and setting forth matters in mitigation.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation;

DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8])—engaging in conduct that adversely reflects on his fitness to practice law;

DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him; and

DR 7-101 (A) (2) (22 NYCRR 1200.32 [a] [2])—failing to carry out a contract of employment entered into with a client for professional services.

In mitigation, we note that respondent has agreed to reimburse the beneficiaries of the estate involved for their financial losses caused by his neglect and that the misconduct occurred because of the inability of respondent to manage his office efficiently. We also note that respondent is currently being assisted by the Erie County Bar Foundation and has sought psychiatric assistance. Therefore, we conclude that respondent should be censured.

DENMAN, P. J., PINE, LAWTON, BALIO and BOEHM, JJ., concur.

Order of censure entered.